TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
CHRISTIAN R. ACEVEDO (Cal. Bar No. 323718)
Special Assistant U.S. Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951)276-6922
     Facsimile: (951)276-6202
     E-mail:   christian.acevedo@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                   UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-219-JGB-1 |
|---|---|
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>JENNIFER DENISE WRIGHT</u> |
| v. | |
| JENNIFER DENISE WRIGHT, et al. - JENNIFER DENISE WRIGHT (Def #1), | |
| Defendant. | |

     1.   This constitutes the plea agreement between JENNIFER DENISE

WRIGHT ("defendant") and the United States Attorney's Office for the

Central District of California (the "USAO") in the above-captioned

case.  This agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

///

///

1

<u>DEFENDANT'S OBLIGATIONS</u>

2      2.   Defendant agrees to:

3           a.   At the earliest opportunity requested by the USAO and

4   provided by the Court, appear and plead guilty to count six of the

5   indictment in <u>United States v. Wright et al.</u>, ED CR No. 20-219-JGB-1,

6   which charges defendant with Bank Fraud, in violation of 18 U.S.C.

7   § 1344(2).

8           b.   Not contest facts agreed to in this agreement.

9           c.   Abide by all agreements regarding sentencing contained

10   in this agreement.

11          d.   Appear for all court appearances, surrender as ordered

12   for service of sentence, obey all conditions of any bond, and obey

13   any other ongoing court order in this matter.

14          e.   Not commit any crime or any act constituting

15   obstruction of justice; however, offenses that would be excluded for

16   sentencing purposes under United States Sentencing Guidelines

17   ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the

18   scope of this agreement.

19          f.   Be truthful at all times with the United States

20   Probation and Pretrial Services Office and the Court.

21          g.   Pay the applicable special assessment at or before the

22   time of sentencing unless defendant has demonstrated a lack of

23   ability to pay such assessments.

24          h.   Agree that all court appearances, including her change

25   of plea hearing and sentencing hearing, may proceed by video-

26   teleconference ("VTC") or telephone, if VTC is not reasonably

27   available, so long as such appearances are authorized by Orders of

28   the Chief Judge 20-043, 20-097, 20-186, 21-031, or another order,

rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), she may have the right to be physically present at these hearings.  Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver.  Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with her change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with her sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

iv.  Make restitution at or before the time of sentencing by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $94,552.13, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution and/or fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

3

1           b.   Abide by all agreements regarding sentencing contained

2  in this agreement.

3           c.   At the time of sentencing, move to dismiss the

4  remaining counts of the indictment as against defendant.  Defendant

5  agrees, however, that at the time of sentencing the Court may

6  consider any dismissed charges in determining the applicable

7  Sentencing Guidelines range, the propriety and extent of any

8  departure from that range, and the sentence to be imposed.

9           d.   At the time of sentencing, provided that defendant

10  demonstrates an acceptance of responsibility for the offenses up to

11  and including the time of sentencing, recommend a two-level reduction

12  in the applicable Sentencing Guidelines offense level, pursuant to

13  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14  additional one-level reduction if available under that section.

15           e.   Recommend that defendant be sentenced to a term of

16  imprisonment no higher than 10 months.

17 NATURE OF THE OFFENSES

18    4.   Defendant understands that for defendant to be guilty of

19  the crime charged in count six, that is, Bank Fraud, in violation of

20  Title 18, United States Code, Section 1344(2), the following must be

21  true:  (1) defendant knowingly carried out a scheme or plan to obtain

22  money or property from a financial institution by making false

23  statements or promises; (2) defendant knew that the statements or

24  promises were false; (3) the statements or promises were material;

25  that is, they had a natural tendency to influence, or were capable of

26  influencing, a financial institution to part with money or property;

27  (4) defendant acted with the intent to defraud; and (5) the financial

28  institution was federally insured.

4

1

<u>PENALTIES AND RESTITUTION</u>

2        5.   Defendant understands that the statutory maximum sentence

3   that the Court can impose for a violation of Title 18, United States

4   Code, Section 1344(2), is: 30 years' imprisonment; a three-year

5   period of supervised release; a fine of $250,000 or twice the gross

6   gain or gross loss resulting from the offense, whichever is greatest;

7   and a mandatory special assessment of $100.

8        6.   Defendant understands that defendant will be required to

9   pay full restitution to the victims of the offense to which defendant

10  is pleading guilty.  Defendant agrees that, in return for the USAO's

11  compliance with its obligations under this agreement, the Court may

12  order restitution to persons other than the victims of the offenses

13  to which defendant is pleading guilty and in amounts greater than

14  those alleged in the count to which defendant is pleading guilty.  In

15  particular, defendant agrees that the Court may order restitution to

16  any victim of any of the following for any losses suffered by that

17  victim as a result: (a) any relevant conduct, as defined in U.S.S.G.

18  § 1B1.3, in connection with the offenses to which defendant is

19  pleading guilty and (b) any counts dismissed and charges not

20  prosecuted pursuant to this agreement as well as all relevant

21  conduct, as defined in U.S.S.G. § 1B1.3, in connection with those

22  counts and charges.  The parties currently believe that the

23  applicable amount of restitution is approximately $94,552.13, but

24  recognize and agree that this amount could change based on facts that

25  come to the attention of the parties prior to sentencing.

26       7.   Defendant understands that supervised release is a period

27  of time following imprisonment during which defendant will be subject

28  to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his convictions on her immigration
status.  Defendant nevertheless affirms that she wants to plead
guilty regardless of any immigration consequences that her pleas may
entail, even if the consequence is automatic removal from the United
States.

FACTUAL BASIS

10.  Defendant admits that defendant is, in fact, guilty of the
offenses to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support pleas of guilty
to the charges described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 12 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning on an unknown date and continuing until at least on or
about March 19, 2019, in San Bernardino, Riverside, Los Angeles, and
Orange Counties, within the Central District of California, and
elsewhere, defendant and her co-defendants, together with others
known and unknown to the Grand Jury, each aiding and abetting the
other, knowingly and with intent to defraud, executed, and attempted
to execute, a scheme to obtain money, funds, credits, assets, and
other property in the custody and control of Bank of America and
Chase, both federally insured banks, by means of material false and

1    fraudulent pretenses, representations, and promises, and the
2    concealment of material facts.

3        The fraudulent scheme involved the use of stolen or fraudulently
4    obtained United States Postal Service ("USPS") money orders.
5    Defendant and her co-defendants Erica Cheyenne Jones ("Jones"), Stacy
6    Shawn Gipson ("Gipson"), and Tyshun Reams ("Reams") would obtain the
7    USPS money orders, knowing those money orders were stolen or
8    fraudulently-obtained.  Defendant, co-defendants Jones, Gipson, Celia
9    Melissa Gonzalez ("Gonzalez"), Reams, and other co-schemers would
10   utilize Bank of America accounts belonging to themselves or others,
11   for the purpose of depositing materially altered money orders they
12   knew to be stolen or fraudulently obtained.

13       Defendant, Jones, Gipson, Reams, and others would deposit the
14   materially altered money orders that they knew were stolen, or
15   fraudulently-obtained.

16       Shortly after the materially altered money orders were
17   deposited, defendant, Jones, Gonzalez, and Reams would use Zelle,
18   Square, or another money-transfer service, to transfer funds from the
19   recently-deposited money orders to defendant's Chase checking and
20   savings accounts, before Bank of America discovered that the money
21   orders were illegitimate, or they would make cash withdrawals of the
22   funds from the recently-deposited money orders.

23       Where funds were successfully transferred to defendant's Chase
24   checking and savings accounts, defendant and Jones would quickly
25   withdraw funds from Chase Automated Teller Machines ("ATMs") before
26   Chase discovered that that the transfers were illegitimate.

27       On or about the following dates, in San Bernardino and Riverside
28   counties, within the Central District of California, defendant

                                    8

committed the following acts, each of which constituted an execution of the fraudulent scheme:

On or about June 26, 2018, defendant made a cash withdrawal in the amount of $1,000 from a Chase bank account ending in 3322 at a Chase ATM in Rancho Cucamonga, California.

On or about August 28, 2018, defendant deposited four USPS money orders, each altered to appear in the amount of $1,000, and made payable to "Celia Gonzalez," into a Bank of America account ending in 1343, at a teller window in Eastvale, California.

On or about September 7, 2018, defendant deposited four USPS money orders, each altered to appear in the amount of $1,000, both made payable to "Celia Gonzalez," into a Bank of America account ending in 1343, at a teller window in Upland, California.

On or about March 13, 2019, defendant made a cash withdrawal in the amount of $700 from a Bank of America account ending in 5948 at a Bank of America ATM in Rancho Cucamonga, California.

The fraudulent scheme resulted in defendant, her co-defendants, and other co-schemers obtaining approximately $94,552.13 in funds from Bank of America and Chase.  Because Bank of America was able to intercept some of the fraudulent money orders before they were processed, defendant's intended loss amount is higher than the actual loss amount of $94,552.13.  All told, defendant, her co-defendants, and co-schemers intended on causing $111,224.68 worth of losses for Bank of America and Chase.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

9

under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

12.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) | |
| Loss over $95,000 | +8 | U.S.S.G. § 2B1.1(b)(1)(E) | |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

14.  Because the justice system is facing an unprecedented
crisis through the backlog of cases, the parties agree that the
defendant is entitled to a two-level variance as recognition of
defendant's early acceptance of responsibility, which will lessen the
burden on the court system by: (1) waiving any right to presence and
pleading guilty at the earliest opportunity by VTC (or telephone, if
VTC is not reasonably available); (2) waiving any right to presence
and agreeing to be sentenced by VTC (or telephone, if VTC is not
reasonably available) should the Central District of California's

10

1   General Order allow for it; (3) agreeing to appear at all other times

2   by VTC or telephone; and (4) waiving all appellate rights.

3       15.   Defendant and the USAO reserve the right to argue for a

4   sentence outside the sentencing range established by the Sentencing

5   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

6   (a)(2), (a)(3), (a)(6), and (a)(7).

7   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

8       16.   Defendant understands that by pleading guilty, defendant

9   gives up the following rights:

10          a.   The right to persist in a plea of not guilty.

11          b.   The right to a speedy and public trial by jury.

12          c.   The right to be represented by counsel -- and if

13  necessary have the Court appoint counsel -- at trial.  Defendant

14  understands, however, that, defendant retains the right to be

15  represented by counsel -- and if necessary have the Court appoint

16  counsel -- at every other stage of the proceeding.

17          d.   The right to be presumed innocent and to have the

18  burden of proof placed on the government to prove defendant guilty

19  beyond a reasonable doubt.

20          e.   The right to confront and cross-examine witnesses

21  against defendant.

22          f.   The right to testify and to present evidence in

23  opposition to the charges, including the right to compel the

24  attendance of witnesses to testify.

25          g.   The right not to be compelled to testify, and, if

26  defendant chose not to testify or present evidence, to have that

27  choice not be used against defendant.

28

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 16 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $94,552.13; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second

Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, except a
post-conviction collateral attack based on a claim of ineffective
assistance of counsel or an explicitly retroactive change in the
applicable Sentencing Guidelines, sentencing statutes, or statutes of
conviction.   Defendant understands that this waiver includes, but is
not limited to, arguments that the statute to which defendant is
pleading guilty is unconstitutional, that newly discovered evidence
purportedly supports defendant's innocence, and any and all claims
that the statement of facts provided herein is insufficient to
support defendant's plea of guilty.

20.   The USAO agrees that, provided all portions of the sentence
are at or below the statutory maximum specified above the USAO gives
up its right to appeal any portion of the sentence, with the
exception that the USAO reserves the right to appeal the following:
the amount of restitution ordered if that amount is less than
$94,552.13.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.   Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

14

1   entered a guilty plea pursuant to this agreement, defendant will not

2   be able to withdraw the guilty plea, and (b) the USAO will be

3   relieved of all its obligations under this agreement.

4       25.  Following the Court's finding of a knowing breach of this

5   agreement by defendant, should the USAO choose to pursue any charge

6   that was either dismissed or not filed as a result of this agreement,

7   then:

8           a.   Defendant agrees that any applicable statute of

9   limitations is tolled between the date of defendant's signing of this

10  agreement and the filing commencing any such action.

11          b.   Defendant waives and gives up all defenses based on

12  the statute of limitations, any claim of pre-indictment delay, or any

13  speedy trial claim with respect to any such action, except to the

14  extent that such defenses existed as of the date of defendant's

15  signing this agreement.

16          c.   Defendant agrees that: (i) any statements made by

17  defendant, under oath, at the guilty plea hearing (if such a hearing

18  occurred prior to the breach); (ii) the agreed to factual basis

19  statement in this agreement; and (iii) any evidence derived from such

20  statements, shall be admissible against defendant in any such action

21  against defendant, and defendant waives and gives up any claim under

22  the United States Constitution, any statute, Rule 410 of the Federal

23  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

24  Procedure, or any other federal rule, that the statements or any

25  evidence derived from the statements should be suppressed or are

26  inadmissible.

27

28

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be between

5  the statutory mandatory minimum and the statutory maximum.

6                    NO ADDITIONAL AGREEMENTS

7       29.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       30.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  TRACY L. WILKISON
    Acting United States Attorney

20                                              5 June 2021

21  CHRISTIAN R. ACEVEDO               Date
    Special Assistant U.S. Attorney

22                                              6/3/2021

23  JENNIFER DENISE WRIGHT             Date
    Defendant

24

25  ROBERT M. HELFEND, ESQ.            Date
    Attorney for Defendant
26  JENNIFER DENISE WRIGHT

27

28
                              17

1

<u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charges and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19

20      *Jennifer Wright*                    6/3/2021

_____          _____
JENNIFER DENISE WRIGHT                         Date
Defendant

21

22

23  <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

24      I am JENNIFER DENISE WRIGHT's attorney.  I have carefully and

25  thoroughly discussed every part of this agreement with my client.

26  Further, I have fully advised my client of her rights, of possible

27  pretrial motions that might be filed, of possible defenses that might

28  be asserted either prior to or at trial, of the sentencing factors

18

set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_Robert M. Helfend_

ROBERT M. HELFEND, ESQ.
Attorney for Defendant
JENNIFER DENISE WRIGHT

6/3/2021

Date